IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicholas Vichio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. **18-cv-8063** |
| ) | |
| US Foods, Inc., ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

Plaintiff Nicholas Vichio, by his counsel in this regard, Luke DeGrand and Tracey L. Wolfe of the law firm of DeGrand & Wolfe, P.C., hereby states for his complaint against defendant US Foods, Inc. ("US Foods") as follows:

*The Parties, Jurisdiction and Venue*

1. Vichio is, and at all times relevant hereto has been, a citizen of the State of Illinois and a resident of DuPage County, Illinois. Vichio was previously employed by US Foods as a night warehouse supervisor.

2. US Foods is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Cook County, Illinois. US Foods does business in Illinois and is subject to this Court's personal jurisdiction.

3. US Foods employs in excess of 500 employees.

4. Jurisdiction is proper in this Court in accordance with the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(c), and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) inasmuch as defendant resides, and a substantial part of the events and omissions giving rise to the claims stated herein occurred, within this judicial district.

6. All conditions precedent to this Court's jurisdiction have occurred or been complied with pursuant to 29 U.S.C. § 626: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on February 13, 2018, within 300 days of the unlawful employment practice complained of herein; a Notification of Right to Sue was issued by the EEOC and received by Vichio on November 28, 2018; and this complaint is being filed within 90 days of the receipt of said Notice.

*Factual Allegations Common to All Counts*

7. Vichio worked for US Foods from March 2013 until his employment was terminated on October 26, 2017. Vichio was 54 years old, and within the category of individuals protected from discrimination by the ADEA, when US Foods fired him.

8. During his employment prior to 2017, Vichio received favorable reviews of his performance as warehouse supervisor. For example:

**2013:** responds quickly to meet customer needs and resolve problems; accepts responsibility for outcomes (positive or negative) of his work; puts new knowledge, understanding and skill to practical use on the job; recognizes issues, problems and opportunities and makes the most appropriate decisions; skilled at the most effective and efficient ways to perform tasks;

2

**2014:** significantly increased warehouse knowledge, positively affecting the success of the department; responded effectively to leadership changes; coaching and counseling associates led to quality orders delivered to customers; supervisory skills that contributed to the success of the Night Team; was able to persuade associates to go above and beyond what was required; can be relied upon to make intelligent decisions; has been instrumental to Night Team in planning the staffing of associates to reduce labor costs;

**2015:** in the face of employee retention issues, played a role in motivating new associates to work through difficulties and ultimately retained people that would have failed; promotes communication that encourages safe work methods; supervisory skills improved overall shift performance and morale; responds quickly to meet customer needs and resolve problems; considers how actions or plans will affect customers;

**2016:** drives reduced costs through effective staffing and consistent work flow; engages employees throughout shift; is direct and straightforward with information, positive and negative.

9. In or about early 2017, Chuck Zadlo became the Vice President of Operations for US Foods, in which capacity he had oversight responsibility for the Night Warehouse Team, including Vichio's direct supervisor, Night Warehouse Manager Mark Delhaye.

10. Zadlo was approximately 35 years old when he became Vice President of Operations.

11. Following Zadlo's assumption of the duties of Vice President of Operations, US Foods began to treat and evaluate Vichio and his job performance differently.

12. In the spring of 2017, US Foods posted on its publicly-available website that the Company was seeking to fill Vichio's position, notwithstanding his consistent record of performance that met or exceeded the Company's expectations.

13. In the summer of 2017, US Foods placed Vichio on a performance improvement plan and purported to document deficiencies in his performance in a memorandum authored by Delhaye dated July 27, 2017. A copy of this memorandum accompanies this complaint as Exhibit 1.

14. The following day, July 28, 2017, Delhaye issued the identical memorandum to another age-protected employee, Robert Cline (age 61). A copy of the Cline memorandum accompanies this complaint as Exhibit 2.

15. The memoranda (Exhibits 1 and 2) purporting to document the performance deficiencies of these two age-protected employees were word-for-word identical: they described identical (although vague) performance deficiencies (failure to "drive accountability," "deliver results" and "exhibit leadership or positive attitude"); they attribute to each employee the identical quote (falsely, in Vichio's case); and they even contain identical typographical errors.

16. Following receipt of the memorandum, Vichio complained to the US Foods human resources department regarding the issuance of identical memoranda purporting to address performance deficiencies of two individual employees. The

4

human resources representative to whom Vichio raised the issue admonished him for sharing information with a colleague.

17. Following the issuance of the identical performance deficiency memoranda, US Foods redoubled its efforts to document alleged deficiencies in Vichio's performance.

18. US Foods fired Vichio on October 26, 2017.

19. On information and belief, Vichio was replaced by an individual who was either outside the category of individuals protected from discrimination by the ADEA or significantly (*i.e.*, ten years or more) younger than Vichio.

## COUNT I
## AGE DISCRIMINATION

20. Vichio realleges and incorporates as though fully set forth herein the foregoing allegations of this complaint.

21. US Foods is, and at all times relevant hereto was, engaged in an industry affecting commerce, and has employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, US Foods qualifies as an "employer," as defined by the ADEA.

22. Vichio is within the category of persons protected from discrimination by the ADEA.

23. At all times prior to the termination of his employment, Vichio performed the duties and responsibilities of his employment in a manner that met or exceeded the legitimate expectations of US Foods for the position.

24. Vichio was subjected to an adverse employment action: namely, his employment was terminated.

25. US Foods has treated other employees who were outside the category of individuals protected from discrimination under the ADEA and/or were significantly (*i.e.*, ten years or more) younger than Vichio more favorably than the treatment accorded Vichio.

26. In terminating Vichio's employment, US Foods intentionally discriminated against him on the basis of his age.

27. As a direct and proximate result of the foregoing acts of discrimination, Vichio has suffered damages, including the loss of benefits, privileges, compensation, terms and conditions of employment, as well as severe emotional harm, distress, anxiety, pain and suffering.

WHEREFORE, plaintiff Nicholas Vichio prays for the entry of judgment in his favor and against defendant US Foods, Inc. and awarding the following relief:

(a) Damages for pecuniary losses, including lost wages, earnings, benefits, back pay, and front pay (if appropriate), together with appropriate prejudgment interest, in an amount justified by the evidence adduced at trial;

(b) Damages for non-pecuniary losses, including emotional pain and suffering, and mental anguish, in an amount to be justified by the evidence adduced at trial;

(c) Reasonable attorneys' fees and costs of suit incurred herein;

(d) Mandatory injunctive relief requiring supervised training, and prohibiting US Foods from committing further acts of discrimination and/or further violations of employees' federally protected rights;

(e) The retention of jurisdiction by this Court to monitor US Foods' compliance with orders entered herein, and the required submission of periodic reports to the Court to supervise and ensure said compliance; and

(f) Such other and further relief as the Court deems equitable and proper.

## COUNT II
### WILLFUL VIOLATION OF ADEA

28. Vichio realleges and incorporates as though fully set forth herein the foregoing allegations of this complaint.

29. US Foods committed the acts of discrimination complained of herein with the knowledge that, or in reckless disregard for whether, its conduct was prohibited by the ADEA, and accordingly an award of liquidated damages is justified under 29 U.S.C. § 626(b).

**WHEREFORE**, plaintiff Nicholas Vichio prays for the entry of judgment in his favor and against defendant US Foods, Inc. and awarding the following relief in addition to the relief requested by Count I:

(a) Liquidated damages in an amount justified by the evidence adduced at trial;

(b) Reasonable attorneys' fees and costs of suit incurred herein; and

(c) Such other and further relief as the Court deems equitable and proper.

**Plaintiff demands trial by jury.**

Respectfully submitted,

**Nicholas Vichio**

By: **/s/ Luke DeGrand**
One of His Attorneys

Luke DeGrand
Tracey L. Wolfe
DeGrand & Wolfe, P.C.
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
(312) 236-9200 (Telephone)
(312) 236-9201 (Facsimile)